IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DALLAS R. WHITE,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )       CIVIL ACTION NO. 2:10CV804-MHT
                                    )
ALL ENFORCEMENT AND JUDICIAL        )
SYSTEMS, MONTGOMERY COUNTY,         )
ALABAMA, et al.,                    )
                                    )
            Defendants.             )

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Dallas R. White has filed a motion to proceed *in forma pauperis* in this action (Doc. # 2).  It is

ORDERED that the motion is GRANTED.

However, upon review of the complaint, the court concludes that dismissal of this action prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff, proceeding *pro se*, sues "all enforcement and judicial systems" in Montgomery County, including the sheriff, district attorney, police department chief, attorney general, county magistrate, city warrant clerk, "Law Employees County People on Lawrance St.," and "City People on Ripley St."  He claims that the defendants violated his civil rights from 1967 through 2010, and he seeks "back pay" from his date of birth to the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

present.  His factual allegation, in its entirety, is "No pay from attach equipment employers or citizens none of you pursued any of them 5th complaint I've written, Investigate[.]" (Complaint, ¶¶ 2, 4, 5, 6).  Previous complaints filed by plaintiff against Sheriff D.T. Marshall and Governor Bob Riley appear to be based on the same "facts" – plaintiff apparently contends that he is a part of a government computer experiment and that, if certain "electric remote magnet and ground engineer equipment" is turned on, using plaintiff's "code," he suffers side effects so severe that he thinks he will not survive another ten minutes; he has complained to various agencies and officials in the City of Montgomery and these agencies and officials have failed to investigate his complaints. See White v. Sheriff D.T. Marshall, Civil Action No. 2:09cv184-WKW; White v. Governor Bob Riley, Civil Action No. 2:08cv760-WKW.  In both of these cases, the court determined that plaintiff's complaints were due to be dismissed prior to service of process pursuant to Section 1915(e)(2)(B) because they encompassed the type of delusional scenario contemplated by the court in Nietzke v. Williams, 490 U.S. 319, 327 (1989).  See Civil Action No. 2:08cv760-WKW, Doc. # 4.  The present claim is due to be dismissed for the same reason.

    Additionally, plaintiff's claim against the agencies and officials, liberally construed, appears to be based on the defendants' failure to investigate his complaints of criminal activity and to "pursue" the alleged perpetrators. (Complaint, ¶ 5). "The [Supreme] Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a cognizable interest in the prosecution or non-

2

prosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Leeke

v. Timmerman, 454 U.S. 83 (1981).   Further, plaintiff does not have a constitutionally

protected entitlement to law enforcement investigation of his claims.   See Harrington v.

County of Suffolk, 607 F.3d 31, 35 (2nd Cir. 2010)("[T]he duty to investigate criminal acts

(or possible criminal acts) almost always involves a significant level of law enforcement

discretion. . . . That discretion precludes any 'legitimate claim of entitlement' to a police

investigation.")(citation omitted).   Because the allegations of the complaint do not suggest

that the defendants deprived plaintiff of a constitutionally protected interest, he may not

maintain a claim pursuant to 42 U.S.C. § 1983 against any of the defendants.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge

that this action be DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) .

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate

Judge and to serve a copy on the parties to this action.   The parties are DIRECTED to file

any objections to this Recommendation on or before December 1, 2010.  Any objections filed

must specifically identify the findings in the Magistrate Judge's Recommendation objected

to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual

findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice.  <u>Resolution Trust Co. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144,

1149 (11th Cir. 1993); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 10th day of November, 2010.

<u>/s/ Susan Russ Walker</u>
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

4